1

2

3

4

5

6

7 IN THE UNITED STATES DISTRICT COURT

8 FOR THE EASTERN DISTRICT OF CALIFORNIA

9 DEAN A. DOGLIETTO,

10        Plaintiff,                No. CIV 2:11-cv-1501-MCE-JFM

11    vs.

12 TRINITY PROT. SERV., INC.

13        Defendant.       ORDER

14 _____/

15       On July 26, 2012 the court held a hearing on defendant's June 12, 2012 motion

16 for terminating sanctions or, alternatively, evidentiary and monetary sanctions pursuant to

17 Federal Rule of Civil Procedure 37. Joann Pheasant appeared for plaintiff. Carolyn Hall

18 appeared for defendant. On review of the motion, opposition and good cause appearing therefor,

19 THE COURT FINDS AS FOLLOWS:

20                   RELEVANT BACKGROUND

21       This action was initially filed in the Sacramento County Superior Court and

22 removed to this court on June 2, 2011. The complaint names Trinity Protection Services

23 ("Trinity") and Does 1 through 5 as defendants. When this action was removed to this court,

24 plaintiff was proceeding through counsel. On July 19, 2011, however, plaintiff's counsel filed a

25 motion to withdraw, which was granted on August 22, 2011 by the Honorable Morrison C.

26 England. The case was then referred to the undersigned pursuant to Local Rule 302(c)(21).

1    Following referral, the undersigned set a pretrial scheduling conference for

2    December 22, 2011.  The day before the scheduling conference, plaintiff's new (and current)

3    counsel, Joann Pheasant, filed a notice of appearance.  In the scheduling order that issued

4    following the conference, a discovery deadline of April 12, 2012 was set.  Also, in light of

5    plaintiff's new counsel, the undersigned referred the case back to Judge England.

6    On March 12, 2012, one month before the discovery deadline, Trinity served both

7    its initial disclosures and its initial set of discovery requests (interrogatories and requests for

8    production of documents) on plaintiff, through his counsel, Ms. Pheasant.  Hall Decl., ¶ 2.

9    Additionally, defendant noticed plaintiff's deposition for April 9, 2012 with a request that

10   documents be produced at the deposition.  Id. ¶ 5; Ex. C.  Due to scheduling conflicts, the parties

11   stipulated to conduct plaintiff's deposition after the discovery deadline on May 4, 2012.  See id.

12   ¶¶ 7-13.

13   On May 4, 2012, plaintiff's deposition was delayed by an hour because plaintiff's

14   counsel mistakenly assumed that defendant had canceled the deposition, despite defendant's

15   three emails to Ms. Pheasant confirming the deposition date.  See Hill Decl., ¶ 14; Ex. D.  When

16   counsel did appear at the deposition, she failed to produce initial disclosures or any documents

17   responsive to defendant's discovery requests.  Id.  Consequently, defendant was able to conduct

18   only a portion of the deposition and forced to continue the rest until after plaintiff complied with

19   his discovery obligations.  Id.  Trinity has yet to complete plaintiff's deposition.

20   As of the date that defendant filed the instant motion, and despite plaintiff's

21   repeated assurances that he would produce his initial disclosures and responses to defendant's

22   discovery requests, see Hall Decl., ¶¶ 7, 11-15; Ex. D, plaintiff has not only failed to propound

23   any written discovery or notice any depositions, Hall Decl. ¶ 17, but he has further failed to

24   serve his initial disclosures, failed to respond to defendant's discovery requests and failed to file

25   an opposition to defendant's June 7, 2012 motion to compel.  Finally, neither plaintiff nor his

26   attorney made an appearance at a hearing on defendant's June 7, 2012 motion to compel and

1   plaintiff's own May 23, 2012 motion to quash.  Also, because plaintiff failed to file an

2   opposition to the instant motion, the undersigned continued the initially-scheduled hearing on

3   defendant's motion providing plaintiff with an opportunity to file an opposition.  Plaintiff has

4   since filed an opposition.

5           As of the date of the hearing on the instant motion, defendant claims that plaintiff

6   has failed to serve responses to defendant's requests for production of documents.  As to

7   interrogatories, on July 9, 2012, plaintiff's counsel emailed defense counsel a document entitled

8   "Plaintiff's Response to Interrogatories."  This document was sent in an email without a subject

9   line or text in the body of the email and was not signed either by plaintiff or counsel.  Further,

10   there is no proof of service, and defendant has not agreed to service by email.  As to initial

11   disclosures, on July 15, 2012, plaintiff's counsel sent defendant another email that had attached

12   to it a document captioned "Initial Declarations of Dean Doglietto."  This document, which

13   identifies nine intended witnesses, was submitted more than two months after the discovery

14   deadline.  Again, defendant did not agree to service by email.  Additionally, on July 18, 2012,

15   defense counsel received in the mail an envelope from plaintiff's counsel containing 20 pages of

16   certificates pertaining to plaintiff that appeared to be copies of documents comprising

17   defendant's Exhibit 9 introduced at plaintiff's May 4, 2012 deposition.  These documents were

18   not labeled, numbered or otherwise identified.

19                                DISCUSSION

20           Defendant seeks dismissal of this action and costs and attorneys' fees on the

21   ground that plaintiff has failed to cooperate in the discovery process, which has prejudiced

22   defendant by depriving it of discovery needed to properly litigate this case.  Alternatively,

23   defendant seeks evidentiary and monetary sanctions.

24           Defendant first argues that plaintiff should be sanctioned under Rule 37 of the

25   Federal Rules of Civil Procedure for his failure to provide initial disclosures as required by Rule

26   26(a)(1)(A) and failure to provide responses to defendant's discovery requests.  The disclosure

requirements of Rule 26(a)(1)(A) are designed to accelerate the exchange of basic information and "'help focus the discovery that is needed, and facilitate preparation for trial or settlement.' See Advisory Committee Notes to 1993 Amendments to Fed. R. Civ. P. 26(a)." Sender v. Mann, 225 F.R.D. 645, 650 (D. Colo. 2004). By failing to provide any initial disclosures, plaintiff plainly violated his disclosure obligation under Rule 26(a)(1)(A). Moreover, plaintiff's failure to respond to defendant's discovery requests violated his discovery obligations under Rules 33(b) and 34(b)(2).

Alternatively, defendant moves for dismissal due to plaintiff's failure to prosecute. It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court). The standards governing dismissal for failure to comply with a court order are basically the same under either Rule 37(b) or Rule 41(b). Malone, 833 F.2d at 130.

In addition to dismissal of the action, defendant also seeks monetary sanctions pursuant to Federal Rule of Civil Procedure 37(d)(3). Such sanctions may include "reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Id.

Plaintiff opposes this motion on a number of grounds. First, counsel for plaintiff avers that she has been unable to obtain the information for discovery because plaintiff became homeless on or about January 2012. Yet this reason is contradicted by plaintiff's testimony wherein he testified that he has been living with friends since June 2010. Second, plaintiff's counsel asserts that she has had a difficult time communicating with plaintiff because of his

1   intermittent phone access, intermittent access to a car, and limited access to his documents.

2   Plaintiff's testimony at his May 4, 2012 deposition, however, evidences regular use of his

3   computer, access to the Internet, possession of documents, and access to a cell phone.  Third,

4   counsel states that plaintiff's previous counsel kept plaintiff's files until late-May 2012.  This,

5   though, is contradicted by plaintiff's counsel mid-April 2012 statement to defense counsel that

6   she was unable to produce documents before plaintiff's deposition because she had "a pile of

7   stuff" to go through.  Furthermore, by email dated April 24, 2012, plaintiff's counsel told

8   defense counsel that it would take a significant amount of time to organize and produce

9   plaintiff's documents.  Fourth, plaintiff's current counsel claims she did not participate in

10  discovery because she was under the impression, based on her conversations with previous

11  counsel, that there existed an agreement that discovery would be deferred pending consideration

12  of a settlement agreement.  Defendant argues that plaintiff lacks any evidence of this agreement.

13  Even if there had been such an agreement, the scheduling order that issued should have made it

14  clear that discovery would be proceeding.  Moreover, defense counsel declares that she never

15  spoke to Ms. Pheasant about conversations or communications that defense counsel had with

16  plaintiff's prior counsel.  Defense counsel also declares that she never spoke to Joann Pheasant

17  about any settlement negotiations or offers.  Fifth, plaintiff's counsel's failure to appear at the

18  hearing was explained as a "computer problem."  Finally, counsel denies that her conduct was

19  willful.  She contends there have simply been some errors and this all boils down to a "basic

20  problem of late discovery."

21          On review, the court determines that defendant has been greatly prejudiced by

22  plaintiff's conduct in this action, including inter alia his tardy responses to discovery requests,

23  improper service of discovery responses, failure to appear at a hearing, failure to respond at all to

24  discovery responses, and failure to communicate.  Accordingly, defendant's motion will be

25  partially granted.

26  /////

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's June 12, 2012 motion is partially granted;

2. Plaintiff shall serve signed responses to defendant's discovery requests by personal service or by mail within ten days of the date of this order;

3. Defendant's request for sanctions is partially granted.  Plaintiff is hereby ordered to pay to defendant $5,000 for the aforementioned discovery abuses.

DATED: September 7, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;dogl1501.mtd37